UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO CESAR CASAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN FCI FORT DIX,<br><br>Respondent. | Civil Action No. 24-10082 (MCA)<br><br><br>MEMORANDUM OPINION |

This matter comes before the Court on Petitioner's Julio Cesar Casas' habeas petition, which he brings pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner has paid the filing fee. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), this Court must screen the Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons explained below, the Court dismisses Petitioner's habeas petition without prejudice as premature and for failure to exhaust administrative remedies.

Petitioner is a convicted federal prisoner currently serving his criminal sentence at FCI Fort Dix. (ECF No. 1 at 1-2.) Petitioner has earned a substantial number of credits under the First Step Act ("FSA"), but he has an immigration detainer and may be subject to removal proceedings in the future. (*Id.* at 2-4.) Petitioner anticipates that that he will be deprived of his FSA credits should immigration officials obtain a final order of removal against him. (*Id.*) Petitioner seeks to preemptively litigate the possible removal of his credits, and argues that depriving him of those credits violates his right to equal protection. He seeks an injunction allowing him to apply his FSA credits to his sentence even if he receives a final order of

removal. (*Id.* at 8.) Petitioner has not attempted to exhaust his administrative remedies before filing this Petition, as he is still receiving credits at this time. (*Id.* at 3-4.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As noted above, Petitioner seeks to enjoin the BOP from removing his FSA credits in the event that he receives a final order of removal from federal immigration authorities. Under the FSA, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4)(A). The statute, however, explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release." *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24-cv-06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-cv-00091, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023)).

In order to have standing to pursue habeas relief, a Petitioner must present a challenge to the execution of his sentence premised on a concrete and particularized, actual or imminent, injury in fact. *See Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). Although Petitioner challenges the possible removal of his credits as a violation of his equal protection rights, Petitioner has yet to suffer a concrete and particularized or actual and imminent injury, as he is currently accruing and can apply credits towards his early supervised release. His Petition arises from his concern that his credits will be removed if he receives a final order of removal prior to his release. This Court, like other district courts that have considered this issue, finds that the harm Petitioner alleges is speculative at this time, and, therefore, the Petition must be dismissed as premature. *See Perez v. FCI Fort Dix (Warden)*, No. 24-11518, 2025 WL 396736, at *2 (D.N.J. Feb. 4, 2025) (dismissing § 2241 Petition seeking to prevent loss of FSA credits as premature where Petitioner did not have a final order of removal); *Hernandez-Araujo v. FCI Fort Dix Warden*, No. 24-10721, 2025 WL 354432, at *2 (D.N.J. Jan. 31, 2025) (same).

The Court also notes that Petitioner acknowledges that he did not seek any administrative relief before filing his Petition because he is still earning FSA credits. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760- 61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas

petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Here, Petitioner admits that he has not exhausted his claims regarding his FSA credits, and the Court finds that the Petition is also subject to dismissal as unexhausted.

  For the reasons explained in this Memorandum Opinion, the Petition is dismissed without prejudice as premature and for failure to exhaust administrative remedies. An appropriate order follows.

April 16, 2025

                Hon. Madeline Cox Arleo
                United States District Judge